IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| KYOCERA AVX COMPONENTS CORPORATION | ) <br> ) <br> ) |
| Plaintiff, | ) C/A No. 6:22-cv-02440-TMC <br> ) <br> ) |
| v. | ) <br> ) |
| UNITED STATES OF AMERICA | ) <br> ) |
| Defendant. | ) <br> ) |

**UNITED STATES' ANSWER TO FIRST AMENDED COMPLAINT FOR REFUND**

Defendant United States of America submits this answer to Plaintiff's amended complaint.

**INTRODUCTION**

1. Plaintiff, KYOCERA AVX, brings this action under 26 U.S.C. § 7422 for a refund of $5,732,355 in Internal Revenue Code Section 965[1] tax, and $1,310,162 in federal income tax, which it overpaid to the Internal Revenue Service ("IRS") for its tax year beginning April 1, 2017, and ending March 31, 2018 ("TYE March 31, 2018").

UNITED STATES' RESPONSE: ADMITS that Kyocera seeks a refund of income taxes for its TYE March 31, 2018, and DENIES that Kyocera overpaid the taxes.

2. Within the past two years KYOCERA AVX has filed three refund claims with the IRS requesting refunds of overpaid Section 965 tax and overpaid federal income tax for its TYE

---

[1] All "Section" references herein are to sections of the U.S. Internal Revenue Code of 1986, as amended.

March 31, 2018. Those refund claims total $20,407,122. In its first refund claim, filed on an IRS Form 1120X amended tax return, KYOCERA AVX sought a refund of $7,632,260 of Section 965 tax and $1,310,162 of federal income tax. In its second refund claim, filed on an IRS Form 843, KYOCERA AVX sought a refund of an additional $5,732,355 of Section 965 tax. In its third refund claim, also filed on an IRS Form 843, KYOCERA AVX sought a refund of an additional $5,732,355 of Section 965 tax.

> UNITED STATES' RESPONSE: ADMITS that Kyocera submitted refund claims for its TYE March 31, 2018, but DENIES that the claims total $20,407,122 and that Kyocera is entitled to a refund.

3.     On or about March 13, 2023, the IRS notified KYOCERA AVX that it had accepted changes set forth on its amended tax return which decreased its tax liability by $43,853,924, and that it would soon receive a refund check. A copy of the IRS's acceptance letter is attached as <u>Exhibit 1</u>.

> UNITED STATES' RESPONSE: ADMITS that, on March 13, 2023, the IRS made changes to Kyocera's account for its TYE March 31, 2018, and decreased its tax liability by $43,853,924, but DENIES that the IRS's changes to Kyocera's account were authorized or that they accurately reflected Kyocera's correct tax liability. The IRS had referred this case to the Department of Justice to defend the refund suit and was without authority to make the changes. *See* 26 U.S.C. § 7122(a); IRS Chief Counsel Notice CC-2011-020 (Sept. 15, 2011) ("Any abatement made by the Service in order to adjust a referred tax liability must be authorized by Justice or it will be void."); *United States v. Jackson*, 511 F. App'x 200, 202-03 (3d Cir. 2013) (original assessments remain valid when IRS's post-referral abatement deemed void).

4. On or about March 17, 2023, the IRS issued a $13,355,782.77 refund to KYOCERA AVX. A copy of the IRS's refund check is attached as Exhibit 2.

UNITED STATES' RESPONSE: ADMITS that the IRS issued a $13,355,782.77 refund check to Kyocera, but DENIES that the IRS's issuance of the refund was proper.

5. The $13,355,782.77 refund included the overpaid Section 965 tax KYOCERA AVX sought in its first and second refund claims, plus a small amount of interest the IRS had previously charged.

UNITED STATES' RESPONSE: ADMITS that the $13,355,782.77 refund the IRS issued to Kyocera was based, in part, on Section 965 installment payments Kyocera paid to the IRS, but DENIES that Kyocera overpaid the Section 965 tax portion of its tax liability and that the IRS's issuance of that refund was proper.

6. Upon information and belief, the IRS has not accepted or denied the portion of KYOCERA AVX's first refund claim seeking a refund of $1,310,162, and has not accepted or denied KYOCERA AVX's third refund claim seeking a Section 965 tax refund of $5,732,355.

UNITED STATES' RESPONSE: ADMITS that the IRS made no changes to Kyocera's account for its TYE March 31, 2018, based on Kyocera's claim that it was entitled to a $1,310,162 refund due to an R&D credit as described on Exhibit 3 to Am. Compl., Dkt. 41-3, at 5, line 1. The United States further avers that the $5,732,355 installment payment relating to Kyocera's third refund claim was not originally applied to Kyocera's account for the TYE March 31, 2018, but instead was posted to a different tax period. The IRS has adjusted the accounts and applied Kyocera's July 2022 installment payment of $5,732,355 to the TYE March 31, 2018 account, but the IRS has taken no other action related to that payment.

7.   Through this Amended Complaint, KYOCERA AVX seeks a refund of its overpaid federal income tax ($1,310,355) as set forth in its first refund claim, and a refund of the remaining amount of its overpaid Section 965 taxes ($5,732,355) as set forth in its third refund claim.

UNITED STATES' RESPONSE: ADMITS that Kyocera alleges that it has overpaid the total tax it owes for its TYE March 31, 2018, but DENIES that Kyocera has overpaid its tax or that it is entitled to a refund.

## PARTIES

8.   Plaintiff KYOCERA AVX is a Delaware corporation whose principal place of business and principal office is located at 1 AVX Boulevard, Fountain Inn, Greenville County, South Carolina 29644.

UNITED STATES' RESPONSE: ADMITS

9.   Prior to October 1, 2021, KYOCERA AVX was known as AVX Corporation.

UNITED STATES' RESPONSE: ADMITS

10.   Defendant is the United States of America. The actions complained of herein were undertaken by the IRS and the U.S. Department of the Treasury ("Treasury").

UNITED STATES' RESPONSE: ADMITS

## JURISDICTION AND VENUE

11.   This Court has jurisdiction over this tax refund matter pursuant to 26 U.S.C. §§ 7422(a) and 6532(a)(1), and 28 U.S.C. §§ 1340 and 1346(a)(1).

UNITED STATES' RESPONSE: DENIES that this Court has jurisdiction over Kyocera's claim for refund because Kyocera has not fully paid the tax owed for its TYE March 31, 2018. *See Flora v. United States*, 362 U.S. 145, 167-68 (1960); *Moore v.*

*United States*, 394 F. Supp. 2d 782, 784 (D.S.C. 2005); *see also Jackson*, 511 F. App'x at 202-03 (IRS's abatements of tax after referral of matter to DOJ were void because they occurred without authorization from DOJ).

12.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1402(a)(1) because KYOCERA AVX's principal place of business and its principal office are in Fountain Inn, South Carolina, which is within this judicial district.

    UNITED STATES' RESPONSE: ADMITS

13.     KYOCERA AVX has satisfied the jurisdictional prerequisites of 26 U.S.C. §§ 7422(a) and 6532(a)(1) because on or about July 6, 2021, KYOCERA AVX timely filed a claim for a refund with the IRS, on IRS Form 1120X, Amended U.S. Corporation Income Tax Return, for its TYE March 31, 2018 ("2018 Amended Return"), requesting a refund of $8,933,422, of which $1,310,162 has not been accepted or denied. The 2018 Amended Return is attached as Exhibit 3.

    UNITED STATES' RESPONSE: DENIES that Kyocera has satisfied the jurisdictional prerequisites to bring a refund action because Kyocera has not fully paid the tax reported due on its original return and assessed by the IRS for its TYE March 31, 2018.

14.     KYOCERA AVX has satisfied the jurisdictional prerequisites of 26 U.S.C. §§ 7422(a) and 6532(a)(1) because, on or about July 15, 2022, KYOCERA AVX timely filed a claim for a refund of $5,732,355 with the IRS, on IRS Form 843, Claim for Refund and Request for Abatement ("Form 843 Refund Claim"), which has not been accepted or denied by the IRS. The Form 843 Refund Claim is attached as Exhibit 5.

    UNITED STATES' RESPONSE: ADMITS that Kyocera filed a claim for refund of $5,732,355 on or about July 15, 2022, which the IRS has not accepted or denied, but

5

DENIES that Kyocera has satisfied the jurisdictional prerequisites to bring a refund action because Kyocera has not fully paid the tax reported due on its original return and assessed by the IRS for its TYE March 31, 2018.

### RELEVANT FACTS

15.     KYOCERA AVX is a leading international manufacturer and supplier of advanced electronic components. KYOCERA AVX frequently designs and manufactures new-to-market products and solutions designed to meet its customer's unique requirements. Consistent with its focus on innovation, KYOCERA AVX holds numerous patents, makes significant investments in research and development activities, and submits several new patent applications every year.

UNITED STATES' RESPONSE: ADMITS

16.     KYOCERA AVX is one of the largest employers in South Carolina. KYOCERA AVX employs over 900 workers in Greenville and Myrtle Beach. KYOCERA AVX employs an additional approximately 14,000 workers in the United States, Europe, and Asia. KYOCERA AVX frequently operates internationally through its various foreign subsidiaries.

UNITED STATES' RESPONSE: ADMITS

17.     Within the past two years KYOVERA AVX has filed three refund claims with the IRS for its TYE March 31, 2018, seeking tax refunds totaling $20,407,122.

UNITED STATES' RESPONSE: ADMITS that Kyocera submitted refund claims as described, but DENIES the claims total $20,407,122 and that Kyocera is entitled to a refund.

      a.      **<u>KYOCERA AVX'x First Refund Claim</u>**

18.    For its TYE March 31, 2018, KYOCERA AVX timely filed its IRS Form 1120, U.S. Corporation Income Tax return ("2018 Original Return").

UNITED STATES' RESPONSE: ADMITS

19.    On July 6, 2021, KYOCERA AVX filed its 2018 Amended Return on IRS Form 1120X, Amended U.S. Corporation Income Tax Return, for its TYE March 31, 2018. *See* <u>Exhibit 3</u>.

UNITED STATES' RESPONSE: ADMITS

20.    On its 2018 Amended Return KYOCERA AVX increased its research and development ("R&D") tax credit by $1,310,162. KYOCERA AVX increased its R&D credit because its 2018 Original Return did not capture the full scope of its qualified R&D activities.

UNITED STATES' RESPONSE: ADMITS that Kyocera filed the amended return as described. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Kyocera's "2018 Original Return did not capture the full scope of its qualified R&D activities."

21.    Based on its increased R&D credit, KYOCERA AVX claimed an income tax refund of $1,310,162 on its 2018 Amended Return.

UNITED STATES' RESPONSE: ADMITS that on its amended return, Kyocera claimed a tax refund of $8,933,422 (*see* Exhibit 3 to Am. Compl. at 2, line 12), which included an additional R&D credit of $1,310,162 (*see id.* at 5, line 1). DENIES that Kyocera is entitled to said refund.

22.    On its 2018 Amended Return KYOCERA AVX also claimed a $143,483,636 deduction under Section 245A of the Internal Revenue Code, which allows certain U.S. parent

7

corporations to claim a deduction for "any dividend received" from certain foreign subsidiaries after December 31, 2017. The Section 245A deduction, commonly referred to as the "dividend received deduction," was enacted as part of the Tax Cuts and Jobs Act of 2017 ("TCJA"). *See* 115 P.L. 97, 131 Stat. 2054 (2017), §14101(a).

> UNITED STATES' RESPONSE: ADMITS that Section 245A allows certain U.S. parent corporations to claim a deduction for "any dividend received" from foreign subsidiaries after December 31, 2017, subject to the conditions included in the statutory scheme, but DENIES that Plaintiff has fully described all applicable laws.

23.     Due to a computational error on its 2018 Original Return, KYOCERA AVX increased its Section 965 tax liability on its 2018 Amended Return by $1,343,421. *See* Exhibit 3, p. 5.

> UNITED STATES' RESPONSE: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "a computational error on its 2018 Original Return" caused Kyocera to increase its self-reported Section 965 tax liability by the amount stated.

24.     Correcting the $1,343,421 Section 965 computational error, and claiming the $143,483,636 dividend received deduction, reduced KYOCERA AVX's Section 965 tax liability by $43,853,924. *See* Exhibit 1; Exhibit 3, p. 5.

> UNITED STATES' RESPONSE: ADMITS that Kyocera's amended return claimed a $143,483,636 dividend received deduction and reduced its self-reported Section 965 tax liability by $43,853,924, but DENIES that Kyocera was entitled to claim the deduction or the reduction in tax. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the alleged "computational error."

8

25.     Based on its reduced Section 965 tax liability, KYOCERA AVX claimed a Section 965 tax refund of $7,632,260 on its 2018 Amended Return.

UNITED STATES' RESPONSE: ADMITS that on its amended return, Kyocera claimed a tax refund of $8,933,422 (*see* Exhibit 3 to Am. Compl. at 2, line 12), a portion of which included Kyocera's assertion of a lower repatriation tax, but DENIES that Kyocera's amended return reported the correct amount of tax owed.

        **b.**     **KYOCERA AVX's Second Refund Claim**

26.     On July 14, 2021, KYOCERA AVX made an installment payment of $5,732,355 toward its Section 965 tax liability, as reported on its 2018 Original Return.

UNITED STATES' RESPONSE: ADMITS

27.     On March 22, 2022, KYOERA AVX filed an IRS Form 843, Request for Refund and Abatement, requesting a refund of its $5,732,355 installment payment. A copy of the March 22, 2022, Form 843 Request for Refund is attached as Exhibit 4.

UNITED STATES' RESPONSE: ADMITS

        **c.**     **KYOCERA AVX's Third Refund Claim**

28.     On July 15, 2022, KYOCERA AVX made an installment payment of $5,732,355.00 toward its Section 965 tax liability, as reported on its 2018 Original Return.

UNITED STATES' RESPONSE: ADMITS

29.     Also on July 15, 2022, KYOERA AVX filed an IRS Form 843, Request for Refund and Abatement, requesting a refund of its $5,732,355 installment payment. *See* Exhibit 5.

UNITED STATES' RESPONSE: ADMITS

### d.   The IRS's Partial Acceptance of KYOCERA AVX's Refund Claims

30.   On March 13, 2023, the IRS notified KYOCERA AVX that it had accepted changes set forth on its 2018 Amended Return and decreased its previously reported tax liability by $43,853,924. *See* Exhibit 1.

UNITED STATES' RESPONSE: ADMITS that, on March 13, 2023, the IRS made changes to Kyocera's account for its TYE March 31, 2018, and decreased the amount of tax by $43,853,924, but DENIES that the IRS's changes to Kyocera's account were authorized or that they accurately reflected Kyocera's tax liability. The IRS had referred this case to the Department of Justice to defend the refund suit and was without authority to make the changes. *See* 26 U.S.C. § 7122(a); IRS Chief Counsel Notice CC-2011-020; *Jackson*, 511 F. App'x at 202-03.

31.   In its March 13, 2023, acceptance letter the IRS also notified KYOCERA AVX that it "should receive [a refund] within 2-3 weeks." *See* Exhibit 1, p. 2.

UNITED STATES' RESPONSE: ADMITS that the IRS correspondence made that statement.

32.   On March 17, 2023, KYOCERA AVX received a refund from the IRS in the amount of $13,355,782.77. *See* Exhibit 2.

UNITED STATES' RESPONSE: ADMITS that Kyocera received a refund, but DENIES that the IRS's issuance of a refund was proper.

33.     The $13,355,782.77 refund received by KYOCERA AVX included the following amounts:

|   | Amount | Description | Exhibit |
|---|---|---|---|
| a. | $7,623,260.00 | Section 965 tax refund sought in first refund claim | 3 |
| b. | $5,732,355.00 | Section 965 tax refund sought in second refund claim | 4 |
| c. | $167.77 | Refund of interest overpayment | 1 |
| Total | $13,355,782.77 | | |

UNITED STATES' RESPONSE: ADMITS that the IRS's refund was based on the components Kyocera identifies, but DENIES that the IRS's issuance of a refund was proper.

34.     The $13,355,782.77 refund did not include the $1,310,162 federal income tax refund KYOCERA AVX sought in its first refund claim.

UNITED STATES' RESPONSE: ADMITS

35.     The $13,355,782.77 refund did not include the $5,732,355 Section 965 tax refund KYOCERA AVX sought in its third refund claim.

UNITED STATES' RESPONSE: ADMITS

36.     The following chart depicts the status of KYOCERA AVX's three refund claims:

|   | Form (Exhibit) | Tax Year | Amount | Type of Tax | Date Filed | Status |
|---|---|---|---|---|---|---|
| 1. | 1120X (Exh. 3) | FY 2018 | $1,310,162 | Federal Income | 7/06/2021 | Not accepted or denied |
|   |   | FY 2018 | $7,623,260 | Section 965 |   | Refund received 3/17/2023 |
| 2. | 843 (Exh. 4) | FY 2018 | $5,732,355 | Section 965 | 3/22/2022 | Refund received 3/17/2023 |
| 3. | 843 (Exh. 5) | FY 2018 | $5,732,355 | Section 965 | 7/15/2022 | Not accepted or denied |

11

UNITED STATES' RESPONSE: ADMITS that the chart reflects the status of Kyocera's refund claims and alleges the IRS erroneously issued a refund totaling $13,355,783, which included those sums described in the chart, but DENIES that Kyocera was or is entitled to any tax refunds it seeks.

37.     Although KYOCERA AVX filed its 2018 Amended Return (Exhibit 3) on July 26, 2021, well over six months ago, the IRS has failed to accept or deny KYOCERA AVX's $1,310,162 federal income tax refund claim.

UNITED STATES' RESPONSE: ADMITS that Kyocera filed its amended return in July 2021 and that the IRS has not refunded $1,310,162 in income tax it sought to have refunded, but DENIES that Kyocera is entitled to a refund.

38.     Although KYOCERA AVX filed its third refund claim (Exhibit 5) over six months ago, the IRS has filed to accept or deny KYOCERA AVX's $5,732,355 Section 965 tax refund claim.

UNITED STATES' RESPONSE: ADMITS that the IRS has not refunded the $5,732,355 Section 965 installment payment that Kyocera identifies, but DENIES that Kyocera is entitled to a refund.

## COUNT I
*(Claim under 26 U.S.C. § 7422 for a Federal Income Tax Refund of $1,310,162)*

39.     KYOCERA AVX incorporates, as if fully restated herein, the allegations contained in paragraphs 1 through 38 of this Amended Complaint.

UNITED STATES' RESPONSE: UNITED STATES' RESPONSE: Paragraph 39 requires no response. To the extent one is required, the United States incorporates its responses above to paragraphs 1 through 38 of the Complaint.

40. KYOCERA AVX incurred additional qualified R&D expenses for its TYE March 31, 2018, which entitle KYOCERA AVX to an additional R&D credit of $1,310,162.

UNITED STATES' RESPONSE: The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

41. KYOCERA AVX's additional R&D credit entitles it to a federal income tax refund of $1,310,162 for its TYE March 31, 2018, or such greater amount of tax and interest, including overpayment interest, as provided by law.

UNITED STATES' RESPONSE: The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

**COUNT II**
*(Claim Under 26 U.S.C. § 7422 for a Section 965 Tax Refund of $5,732,355)*

Second ¶ 41. KYOCERA AVX incorporates, as if fully restated herein, the allegations contained in paragraphs 1 through 38 of this Amended Complaint.

UNITED STATES' RESPONSE: UNITED STATES' RESPONSE: The second Paragraph 41 requires no response. To the extent one is required, the United States incorporates its responses above to paragraphs 1 through 41 of the Complaint.

42. The IRS accepted KYOCERA AVX's dividend received deduction as set forth on its 2018 Amended Return.

UNITED STATES' RESPONSE: ADMITS that, on March 13, 2023, the IRS made changes to Kyocera's account for its TYE March 31, 2018, and decreased the amount of tax by $43,853,924, but DENIES that the IRS's changes to Kyocera's account were authorized, that the changes accurately reflected Kyocera's tax liability, and that Kyocera was entitled to claim the dividend received deduction. The IRS had referred this case to the Department of Justice to defend the refund suit and was without authority to make the

March 13, 2023 changes. *See* 26 U.S.C. § 7122(a); IRS Chief Counsel Notice CC-2011-020; *Jackson*, 511 F. App'x at 202-03.

43.     The IRS accepted KYOCERA AVX's computational increase in its Section 965 tax liability, as set forth on its 2018 Amended Return.

UNITED STATES' RESPONSE: ADMITS that, on March 13, 2023, the IRS made changes to Kyocera's account for its TYE March 31, 2018, and decreased the amount of tax by $43,853,924, but DENIES that the IRS's changes to Kyocera's account were authorized or that they accurately reflected Kyocera's tax liability. The IRS had referred this case to the Department of Justice to defend the refund suit and was without authority to make the changes. *See* 26 U.S.C. § 7122(a); IRS Chief Counsel Notice CC-2011-020; *Jackson*, 511 F. App'x at 202-03.

44.     The IRS accepted KYOCERA AVX's reduced Section 965 tax liability, resulting from its dividend received deduction, as set forth on its 2018 Amended Return.

UNITED STATES' RESPONSE: ADMITS that, on March 13, 2023, the IRS made changes to Kyocera's account for its TYE March 31, 2018, and decreased the amount of tax by $43,853,924, but DENIES that the IRS's changes to Kyocera's account were authorized or that they accurately reflected Kyocera's tax liability. The IRS had referred this case to the Department of Justice to defend the refund suit and was without authority to make the changes. *See* 26 U.S.C. § 7122(a); IRS Chief Counsel Notice CC-2011-020; *Jackson*, 511 F. App'x at 202-03.

45.     KYOCERA AVX overpaid its Section 965 tax liability by $19,087,970.

UNITED STATES' RESPONSE: DENIES

46. The IRS refunded only $13,355,615 of that amount to KYOCERA AVX.

UNITED STATES' RESPONSE: ADMITS that the IRS issued a refund to Kyocera in the amount of $13,355,615 not including interest, but DENIES that the IRS's issuance of the refund was proper.

47. KYOCERA AVX is entitled to an additional Section 965 tax refund of $5,732,355 for its TYE March 31, 2018, or such greater amount of tax and interest, including overpayment interest, as provided by law.

UNITED STATES' RESPONSE:  DENIES

WHEREFORE, the United States respectfully requests that Plaintiff's Complaint be dismissed and for such further relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSE**

1. Kyocera is not entitled to the tax refunds it seeks for TYE March 31, 2018.

2. In March 2023 the IRS made changes to Kyocera's account for its TYE March 31, 2018 in which the IRS erroneously decreased by $43,853,924 the total amount of tax – which had been assessed by the IRS on April 8, 2019, in the amount of $101,087,342 based on Kyocera's original return filing – and erroneously issued Kyocera a refund in the amount of $13,355,615, plus overpayment interest of $167.77.

3. The IRS's erroneous abatement of tax and subsequent refund were improper and legally void under 26 U.S.C. § 7122(a) because the IRS's actions were not authorized by the Department of Justice.

4. We are advised that the IRS is presently following a procedure that will result in the reversal of that erroneous abatement. Once the reversal of the erroneous abatement is completed, and including proper credit for the July 15, 2022, installment payment Kyocera

made, the balance of Kyocera's unpaid tax liability for TYE March 31, 2018, will be $38,121,179.

5.      Because Kyocera has not fully paid the tax it duly owes for its TYE March 31, 2018, (i.e., $101,087,342, which was reported by Kyocera as the tax due and owing on its original return filing), it has failed to meet the jurisdictional requirements to confer refund suit jurisdiction on this Court under 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1). *See Flora*, 362 U.S. at 167-68; *Moore*, 394 F. Supp. 2d at 784 (D.S.C. 2005); *Jackson*, 511 F. App'x at 202-03.

Dated: June 29, 2023

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

By:     s/ *Forrest T. Young*
FORREST T. YOUNG
N.Y. Bar No. 5582192
DANIEL B. CAUSEY, IV
S.C. Bar No. 104035
THOMAS J. SAWYER
IN Bar No. 11665-64

Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-598-6299 (v)
202-514-4963 (f)
Forrest.T.Young@usdoj.gov

OF COUNSEL:

ADAIR FORD BOROUGHS
United States Attorney
District of South Carolina

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 29, 2023, I served this document on plaintiff's counsel by electronically filing it with the Clerk of Court using the CM/ECF system.

                 s/ *Forrest T. Young*
                 FORREST T. YOUNG
                 Trial Attorney
                 U.S. Dept. of Justice, Tax Division