# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| KYOCERA AVX COMPONENTS CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA | ) ) |
| Defendant. | ) ) ) |

C/A No. 6:22-cv-02440-TMC

## DECLARATION OF ALLISON R. STEELE

I, Allison R. Steele, under penalty of perjury under the laws of the United States of America, including 28 U.S.C. § 1746, declare as follows:

1. I have been employed by the Internal Revenue Service ("IRS") since 1986. During my tenure at the IRS, I have held various positions in the Taxpayer Services Division, including as a Supervisory Contact Representative from September of 2003 through November 2021. Since November of 2021, I have been employed as a Tax Analyst in Florence, Kentucky, in the Office of Policy & Procedures Business Adjustments in Accounts Management for the Taxpayer Services Division. As part of my current duties, I serve as the Tax Analyst for the I.R.C. § 965 Transition Tax.

2. At the request of the IRS Office of Chief Counsel, I have reviewed IRS transcripts, records, and files related to Kyocera AVX Components Corporation's tax period beginning April 1, 2017, and ending March 31, 2018.

3. Kyocera, after requesting a six-month extension, timely filed its tax return for the tax period ending March 31, 2018, in January 2019. On that tax return (Form 1120), Kyocera reported a tax due of $101,087,342. The IRS assessed that amount on April 8, 2019. That tax included the transition tax imposed under I.R.C. § 965 in the amount of $70,311,016.

4. On or about July 6, 2021, Kyocera filed an amended tax return (Form 1120X), on which it claimed a tax refund of $8,933,422. That refund claim was based on an increase in its claimed research and development tax credit by $1,310,162 and a newly claimed § 245A dividends received deduction of $45,197,345.

5. Kyocera filed the above-captioned refund suit on July 28, 2022. At that time, the IRS had not acted on the claim for refund that was made on the amended return.

6. After Kyocera filed its district court complaint, the IRS in October 2022 referred this case to the Department of Justice to defend the interests of the United States in this tax refund suit.

7.     As described in the Internal Revenue Manual, the Department of Justice has the sole authority to authorize tax abatements relating to pending refund litigation after the IRS has referred such a case to the Department of Justice. Paragraph (2) of IRM 25.6.1.10.2.1.1.2, Unauthorized Abatements Made After Referral to the Department of Justice, provides:

> Following the referral of a case to the Department of Justice, the Department of Justice has the exclusive authority to make and approve adjustments to the referred liabilities. Title 28 of the United States Code and Executive Order 6166 provide that the conduct and control of all federal tax litigation, except in the Tax Court, is vested in the Department of Justice. In addition to Title 28 and the Executive Order, IRC 7122(a) gives the Attorney General the exclusive authority to compromise a case arising under the Internal Revenue Code after referral to the Department of Justice for prosecution or defense.

8.     When a taxpayer initiates a district court action seeking a tax refund, the IRS ordinarily enters a "freeze code" into a taxpayer's account in accordance with Internal Revenue Manual procedures. Based on a review of the account transcript, I discovered that a litigation freeze code was not input into the taxpayer's account after the district court complaint was filed.[1] Had the litigation freeze code been timely input into the taxpayer's account for the tax period ending March 31, 2018, the IRS would not have taken the March 2023 actions described below.

---

[1] On April 10, 2023, IRS Counsel requested that the Refund Litigation Coordinator in Ogden input the litigation freeze code on taxpayer's account for fiscal year 2018 and such litigation freeze code is now reflected on the account.

3

9.  In 2022, the IRS Service Center in Ogden, Utah began processing Kyocera's claim for a refund.

10. Based on miscommunication within the IRS, on March 13, 2023, the IRS Service Center erroneously abated $43,853,924 of Kyocera's income tax assessment for the tax year ending March 31, 2018.  The $43,853,924 abatement related to the portion of Kyocera's refund claim pertaining to the § 245A deduction and its impact on the transition tax.  After that portion of Kyocera's income tax was abated, the taxpayer's account erroneously showed that the taxpayer had paid more in tax than was owed.  Therefore, the IRS erroneously issued a refund check in the amount of $13,355,782.77, which Kyocera received on or about March 13, 2023.

11. The Department of Justice did not authorize the abatement nor did it provide any instructions to the IRS to process any abatement for the tax period ending March 31, 2018. The abatement was in violation of  IRM 25.6.1.10.2.1.1.2(2) and was the result of an error made by the IRS.

12. Had the taxpayer's account included a litigation freeze code, the account would have been frozen such that the unauthorized abatement would not have been processed and the unauthorized refund check would not have been issued.

13. On September 25, 2023, the IRS reversed the $43,853,924 unauthorized abatement. Kyocera owes a balance of approximately $36,538,673 for the tax period ending March 31, 2018, computed as follows:

| | | |
|---|---|---|
| **Tax Liability per original return** | $ | 101,087,342 |
| **Estimated Tax Payments** | $ | -43,500,000 |
| **1st 965 Installment (paid 07/10/18)** | $ | -10,000,000 |
| **2nd 965 Installment (paid 07/12/19)** | $ | -5,624,881 |
| **3rd 965 Installment (paid 07/10/20)** | $ | -5,732,355 |
| **4th 965 Installment (paid 07/14/21)** | $ | -5,732,355 |
| **5th 965 Installment (paid 07/15/22)** | $ | -5,732,355 |
| **Erroneous Refund (issued 03/13/23)** | $ | 13,355,783 |
| **Interest credit transferred from tax period ending March 31, 2007** | $ | -1,296,998 |
| **Interest credit transferred from tax period ending March 31, 2008** | $ | -285,508 |
| | | |
| *Unpaid Balance* | *$* | *36,538,673* |

14. The fifth installment payment referred to in Kyocera's Form 843 claim for refund (See ECF 41 ¶¶ 28-29 (amended complaint) and ECF 41-5 (Form 843, exhibit 5 to amended complaint) had initially been applied to the taxpayer's account for the tax year ending March 31, 2022, instead of the one ending March 31, 2018. After reviewing the Form 843 during the course of this litigation, the IRS moved that payment to the tax period ending March 31, 2018, as Kyocera directed when making the payment.

15. A sixth installment payment on the transition tax was due in July 2023, but that payment was not made by Kyocera. The lack of such a payment is reflected in the calculation described in paragraph 13. The seventh and eighth

installment payments are due July 15 of 2024 and 2025, respectively, and Kyocera has not otherwise paid them. Kyocera's original election to make installment payments had anticipated payments of $10,748,166, $14,330,888, and $17,693,610 for the sixth, seventh, and eighth payments, respectively.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 10, 2024

*Allison R Steele*
ALLISON R. STEELE
Tax Analyst
Policy & Procedures Business Adjustments
SE:W:CAS:AM:PPB:BMF(PPB)
Accounts Management
Taxpayer Services Division
Internal Revenue Service