## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| KYOCERA AVX COMPONENTS CORPORATION,<br><br>              Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br><br>              Defendant. | C/A No. 6:22-cv-02440-TMC<br><br><br>**UNITED STATES' OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY** |

The United States hereby opposes Kyocera AVX's motion (ECF 78) for leave to file a surreply in response to the United States' motion to dismiss (ECF 69).

1.      The United States filed a motion to dismiss this case because the Court lacks subject matter jurisdiction to hear a federal income tax refund suit when a taxpayer has not fully paid the tax at issue. (ECF 69.) Kyocera opposed that motion (ECF 71), and the United States filed a reply (ECF 74). In our motion, we described in detail that we had previously filed a motion to dismiss for lack of jurisdiction, but that we had withdrawn it before the motion was fully briefed due to administrative actions that the IRS had taken that had not been authorized by the Department of Justice. (ECF 69, p. 7-11.)

2.      In its opposition, Kyocera argued that the court did have jurisdiction at the time that it filed its amended complaint and that the IRS did not have authority to reverse an erroneous abatement of tax without first following the procedure of issuing a notice of deficiency. (ECF 71; *see* I.R.C. § 6212(a).) The United States addressed those arguments in its reply. (ECF 74.)

3.      But Kyocera had included in its opposition a footnote generically stating that "KYOCERA AVX also relies on, and incorporates herein by reference, the arguments asserted in

its response to the Government's previous Motion to Dismiss. *See* ECF No. 24 (response); ECF No. 16 (motion)."

4.      In our reply, we noted that Kyocera's "oblique footnote" referencing a previously filed brief with respect to a motion that had been withdrawn before being fully briefed was not proper and that neither the Court nor the United States should be forced to study Kyocera's 34-page March 2023 filing and hunt for arguments that might remain relevant in light of the changed circumstances of the case. (ECF 74, p. 13.)

5.      Kyocera's primary authority for the proposition that it may incorporate its prior brief by referring to it in a footnote is *Doyle v. Hogan*, No. DKC 19-0190, 2019 WL 3500924 (D. Md. 2019) (although Fed. R. Civ. P. 10(c) applies to pleadings and not motion practice, "a few federal courts have allowed defendants to incorporate by reference prior motions made in the action."), *rev'd on other grounds*, 1 F.4th 249 (4th Cir. 2021). *Doyle* quoted Wright & Miller's treatise, which in turn also cited contrary authority, which included quoting a court that declined to allow the incorporation, noting "[t]he difficulty in this case is that the allegations in the amended complaint affect the arguments made in the original motion and it is not the role of the court to try to discern which, if any, arguments still apply." 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1326 (4th ed. 2019) (quoting *Wilson v. PL Phase One Operations L.P.*, 422 F.Supp.3d 971, 978 (D. Md. 2019)). Kyocera also cites two other district court cases that are easily distinguishable. *See Lowden v. Mercer*, 903 F. Supp. 212, 216 (D. Mass. 1995) (allowing incorporation by reference where party "specifically identifies the pages and the arguments it wishes to incorporate by reference"); *Levy v. Wexford Health Sources, Inc.*, No. TDC-14-3678, 2016 WL 865364 (D. Md. 2016) (the district court denied without prejudice three motions to dismiss but invited the parties to refer to those motions in the event that either party wished to

renew any specific motion). In its footnote, of course, Kyocera's opposition did not identify particular arguments but generically referred to its entire 34-page brief. Nor did this Court invite Kyocera to incorporate its motion by reference.

6.      Kyocera's proposed surreply addresses two issues. These issues do not warrant a surreply because neither "was raised for the first time in a responsive memorandum" by the United States and Kyocera had the opportunity to provide legal authority on both issues. *Clear Touch Interactive, Inc. v. Ockers Co.*, No. 6:21-cv-2208-TMC, 2022 WL 18587635, at *4 (D.S.C. Sept. 22, 2022). The first issue is a point raised in our opening brief, that Kyocera did not address in its answering brief, and that did not even factually exist in March 2023. (ECF 78-1, p. 3.) The United States pointed out in its opening brief that Kyocera's previous argument—that the Court should carve out an exception to the *Flora* full-payment rule when Congress has permitted the payment of taxes in installments—was overtaken by subsequent events of this case, because Kyocera stopped making installment payments. (ECF 69, p. 16-17.)[1] Plainly this is a point Kyocera could and should have addressed in its brief. The second issue is one that Kyocera itself raised in its opposition: whether it should be permitted to incorporate its prior brief by reference. (ECF 78-1, p. 2.) An issue that Kyocera itself raised in its own brief, giving it "ample opportunity to brief the issue[]," is not an issue that "in fairness, would require or justify the filing of a sur-reply." *Clear Touch*, 2022 WL 18587635, at *4. Under the Local Rules, Kyocera had 20 more pages available to brief the incorporation by reference issue in its opposition, but it chose not to do so. *See* L.R. 7.05(B)(1). The better practice would have simply been to adapt (or even cut and paste if its

---

[1] Even then, Kyocera misstates the United States' argument. It suggests that the government argued that the transition tax contained in the 2017 Tax Cuts and Jobs Act is *no longer* divisible because Kyocera stopped making installment payments. (ECF 78-1, p. 3.) Our argument is that the transition tax is not a divisible tax, period, for the reasons stated in our opening brief (ECF 69, p. 17-19.)

original argument could not have been improved upon) into those twenty available pages any previous portions of its 34-page March 2023 brief that it believed to be relevant and meritorious. Kyocera's apparent regret at its strategic decision does not entitle it to a surreply.

7.     With respect to the 34-page brief that Kyocera's footnote attempted to incorporate by reference, its proposed surreply (submitted after the motion was fully briefed) simply advises the Court, perhaps in grudging recognition that the court in *Lowden v. Mercer* had appreciated the specific identification of particular pages of a prior brief that was being incorporated, that this Court should consider the entire 21-page argument section of its prior brief. (ECF 78-1, p.2.)

8.     The Court should deny Kyocera's motion and decline to address any issue not raised by Kyocera in its answering brief. Alternatively, it should limit the issues it considers to matters raised in either party's opening brief and schedule oral argument on that motion (or on all dispositive motions pending before the Court) to allow a full discussion of the issues.

Dated: August 22, 2024           Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Daniel B. Causey, IV*
DANIEL B. CAUSEY, IV
SC Bar No. 104035
SAMUEL G. FULLER
DC Bar No. 1673016
THOMAS J. SAWYER
IN Bar No. 11665-64
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, DC 20044
(t) 202-307-1427
(f) 202-514-4963
Daniel.B.Causey@usdoj.gov

OF COUNSEL:
ADAIR FORD BOROUGHS

United States Attorney
District of South Carolina

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 26, 2024, I served this document on plaintiff's counsel by electronically filing it with the Clerk of Court using the CM/ECF system.

<u>/s/ Daniel B. Causey, IV</u>
DANIEL B. CAUSEY, IV
Trial Attorney
DOJ Tax Division