IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| KYOCERA AVX COMPONENTS CORPORATION, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Defendant. )<br>_____ ) | C/A No. 6:22-cv-02440-TMC |

**KYOCERA AVX'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

KYOCERA AVX Components Corporation ("KYOCERA AVX"), by and through undersigned counsel, files its Reply to the United States' Response to KYOCERA AVX's Motion for Partial Summary Judgment ("Response"). *See* ECF No. 83.

**INTRODUCTION**

In its Response the Government largely restates its previous arguments against KYOCERA AVX's assertion that it is entitled to claim a Section 245A deduction for its Section 78 dividends. The United States Tax Court, in *Varian Medical Systems, Inc. v. Commissioner*, 2024 U.S. Tax Ct. LEXIS 2106, recently held that another fiscal-year taxpayer (like KYOCERA AVX) was statutorily entitled to that deduction for its Section 78 dividends. This Reply addresses arguments set forth in the Government's Response, as well as the reasoning and application of the Tax Court's *Varian* decision.

1

## ANALYSIS

**I.     KYOCERA AVX is entitled to the Section 245A deduction for its Section 78 dividends.**

In its Response the Government makes three arguments for denying KYOCERA AVX a Section 245A deduction for its Section 78 dividends: (a) the plain meaning of Section 245A precludes a deduction; (b) Section 245A requires a distribution and Section 78 dividends do not involve a distribution; and, (c) Treasury's Regulation backdating the effective date of New Section 78 precludes the deduction. The Government's arguments are without merit. And the United States Tax Court recently rejected each of the Government's arguments, holding that a fiscal year taxpayer can, in fact, claim a Section 245A deduction for its Section 78 dividends. *See Varian Medical Systems, Inc. v. Comm'r*, 2024 U.S. Tax Ct. LEXIS 2106.[1]

   a.   <u>KYOCERA AVX is entitled to the dividend-received deduction under the plain meaning of Sections 245A and 78.</u>

Since 1962 Section 78 has treated the deemed paid foreign tax credit as a "dividend received." Section 245A, allows a deduction for "any dividend received." Thus, the plain meaning of these statutes compels the conclusion that KYOCERA AVX's Section 78 "dividend received" qualifies for Section 245A's deduction for "any dividend received." *See* ECF No. 76, pp. 10-13; ECF No. 83, p. 306. The Tax Court rejected the Government's plain-meaning argument in *Varian* precisely because the statutory language in those sections aligned:

> Most significantly, the text of section 78 could hardly be clearer on this point. It states, in relevant part, that the amount Varian includes under section 78 "shall be treated for purposes of this title (other than section 245 [which is not at issue here]) as a dividend received . . . from the foreign corporation." I.R.C. §78 (emphasis added). And section 245A(a) authorizes taxpayers to deduct "any dividend received from a specified 10-percent owned foreign corporation." Thus, the relevant text in the two provisions is effectively identical.

---

[1] Although not raised in its Response, the Government has also argued that Section 275(a)(4) precludes the deduction. KYOCERA AVX has opposed that argument, and the Tax Court rejected it *Varian*. *See Varian* at *32; ECF No. 82, pp. 9-11.

*See Varian* at *17.  The Tax Court's logic applies here.

      b.      <u>KYOCERA AVX's Section 78 dividends meet the requirements for a Section 245A dividend-received deduction</u>.

Section 245A(a) allows a dividend-received deduction "in the case of any dividend received." As set forth in KYOCERA AVX's previous filing: (1) every dividend is a distribution, both under the statutory definition of the term and its ordinary meaning; (2) the text of Sections 78 and 245A do not require an actual distribution; (3) the Government's own regulations have consistently equated a deemed "dividend received" with a deemed distribution; (4) the legislative history of Section 245A confirms that the term "dividend received" must be construed broadly; and, (5) Courts have recognized the relationship between a deemed "dividend received" and a deemed "distribution" under Section 78. *See* ECF No. 82, pp. 3-6.

The reference in the effective date provision of TCJA § 14101 to distributions does not create a new condition for the Section 245A dividend-received deduction. *See Varian* at *19 ("We are not inclined to read the reference to 'distributions' in the effective date provision to add another unstated requirement to the operative rule.").  In rejecting the Government's argument that the Section 245A deduction requires a distribution, the Tax Court stated that the "operative rule in section 245A sets out the conditions for deductibility, but says nothing about distributions." *See id*.

The Tax Court also held that even if Section 245A requires a distribution, a deemed dividend under Section 78 satisfies the requirement. *See id.*, at *20.  Section 78 dividends themselves are distributions, as evidenced by the statutory definition of "dividend." *See id.* ("A dividend is a distribution, both under the statutory definition of the term and its ordinary meaning."); *see also*, 26 U.S.C. § 316(a) (defining dividends as "any distribution . . . out of earnings and profits").

      c.      <u>The Government's regulation improperly attempts to change a statutory effective date</u>.

3

The Treasury Regulation attempting to backdate the effective date of New Section 78 is invalid for the simple reason that a regulation cannot "add[] to the statute . . . something that is not there." *See United States v. Calamaro*, 354 U.S. 351, 359 (1957); *see also, Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 159 (2012) (agency interpretation that was "flatly inconsistent with the [statute]" was "unpersuasive"); *BMC Software, Inc. v. Comm'r*, 780 F.3d 669, 675-76 (5th Cir. 2015) (no *Skidmore* weight for IRS interpretation that "runs counter to plain language" of the statute). In *Varian*, the Tax Court rejected the Government's argument that its backdating regulation was valid and controlling. The Tax Court held that "the effective date provision of new section 78 . . . could hardly have been clearer," and that "attempts to change an unambiguous provision of the statute . . . falls outside the boundaries of any authority Congress may have delegated under section 245A or 7805." *See Varian* at *44-46; *see also*, ECF No. 76, pp. 13-21; ECF No. 82, pp. 11-12.

**II.    Section 245A(d)(1) does not apply to Section 78 dividends because no foreign taxes were imposed with respect to such dividends.**

The Government argues, in the alternative, that if the Court allows KYOCERA AVX the dividend-received deduction under Section 245A for its 2018 tax year, then the Court should disallow a portion of KYOCERA AVX's foreign tax credits for that year under Section 245A(d)(1). The Government argues that the Court should determine that portion using a formula that the Government has created solely for purposes of this litigation. Admittedly, the Tax Court accepted this argument and formula in *Varian*. *See Varian* at *47-50.

While the Tax Court correctly decided that a fiscal-year taxpayer could take a Section 245A dividend-received deduction for its Section 78 dividends, the Tax Court reached an incorrect conclusion about the Government's alternative argument for disallowing a portion of the taxpayer's foreign tax credits. In *Varian* the Tax Court provided a lengthy and detailed analysis (approximately 44 pages) regarding eligibility to claim the Section 245A deduction. The Tax Court, however, only

4

provided a brief analysis (approximately 4 pages) of whether Section 245A(d)(1) applied to reduce that deduction.  As set forth herein, in *Varian* the Tax Court, (a) incorrectly interpreted Section 245A(d)(1) and, (b) failed to consider relevant Treasury regulations prohibiting the allocation of foreign taxes to foreign income that is not taxed under foreign law.

    a.    <u>The Tax Court incorrectly interpreted Section 245A(d)(1).</u>

Section 245A(d)(1) provides:

> No credit shall be allowed under section 901 for any taxes paid or accrued (or treated as paid or accrued) with respect to any dividend for which a deduction is allowed under this section.

In *Varian*, the Tax Court treated the phrase "with respect to" as crucial, finding that the universe of "taxes paid . . . with respect to any dividend" that are not creditable was broader than if Congress had limited creditability to only those "taxes paid or accrued . . . on any dividend." *See Varian* at *33.  No other court has interpreted the phrase "with respect to" as used in Section 245A(d)(1).  And although the Tax Court found that phrase to be broad, it acknowledged it was "not without limits." *See Varian*, n. 27.  The Tax Court, however, failed to provide any analysis or discussion of those limits.

The Tax Court's interpretation of the phrase "with respect to" is unjustifiably broad.  Courts interpreting that phrase frequently limit its scope by requiring a significant connection between the subject and the object—in this case, the taxes paid and the dividend.  The connection cannot be attenuated, and it must be based on the characteristics, or status, of the object itself.  For example, Section 301 governs distributions of property by a corporation to its shareholders.  Not all payments from a corporation to a shareholder, however, constitute "distributions" within the scope of Section 301. Rather, Section 301(a) requires that the transfer be made "by a corporation to a shareholder with respect to its stock."  Due to the qualifying phrase "with respect to," the IRS and the courts have consistently interpreted Section 301 as "not applicable to an amount paid by a corporation to a

shareholder unless the amount is paid to the shareholder in his capacity as such." 26 C.F.R. § 1.301-1(c). Stated differently, to qualify as a distribution under Section 301, a transfer of property by a corporation to a shareholder must be made because of the shareholder's ownership of the corporation's stock.

Accordingly, a payment is not a "distribution" if the shareholder receives it in his capacity as a creditor of the corporation. *See Loftin & Woodard, Inc. v. U.S.*, 577 F.2d 1206, 1242 (5th Cir. 1978). Nor is a payment a "distribution" if the shareholder receives it in his capacity as an employee of the corporation. *See Haber v. Comm'r*, 52 T.C. 255, 268 (1969). These transfers are not made "with respect to stock" because they are not contingent on the shareholder's status as a shareholder. Rather, the transfers are incidental to that status. *See, e.g, De Los Santos v. Comm'r*, 156 T.C. 120, 127 (2021).

Similarly, the Declaratory Judgment Act bars courts from issuing declaratory judgments "with respect to Federal taxes." 28 U.S.C. § 2201(a). However, courts have construed "with respect to" narrowly, holding that the Declaratory Judgment Act only bars suits concerning the assessment or collection of any tax. It does not bar all disputes tangentially related to taxes. *See Cohen v. U.S.*, 650 F.3d 717, 728 (D.C. Cir. 2011) (noting that "[t]o oust the courts of jurisdiction, it is not enough that claims relate in the loose sense to 'Federal taxes'" and that an "all-encompassing reading [of 'with respect to'] is inappropriate"); *see also, In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 583-84 (4th Cir. 1996).

Likewise, Section 7206(d)(1) prohibits the IRS from issuing an administrative summons if a referral has been made to the Justice Department. Specifically, Section 7206(d)(1) states: "No summons may be issued under this title . . . with respect to any person if a Justice Department referral is in effect with respect to such person." In *Khan v. United States*, 548 F.3d 549, 551 (7th Cir. 2008), the Seventh Circuit held that this language is vague because it does not clarify whether it only bars the

6

IRS from summoning taxpayers whose liabilities are at issue and who have been referred to the Justice Department or, more broadly, does it also bar the IRS from summoning a third-party witness referred to the Justice Department.  Relying on the Treasury Regulation implementing Section 7206(d)(1), the Seventh Circuit interpreted Section 7206(d)(1) narrowly, holding that it only bars the IRS from summoning taxpayers whose liabilities are at issue.  *See id*. at 551.  And in rejecting the petitioner's argument that the Treasury Regulation did not address the issue, the Seventh Circuit noted that the Regulation included five examples, "none [of which] suggest[] that the referral provision can apply to third parties."  *See id*. at 557.

Consistent with these authorities, to disallow foreign tax credits under Section 245A(d)(1) for taxes paid "with respect to" a dividend, the taxes must have been paid to the foreign taxing authority *because of* the dividend, and *because of* the dividend's status as a dividend.  That is not the case here because no foreign country imposes taxes on Section 78 dividends, much less *because of* their status as dividends under U.S. law.   *See, e.g.*, 26 CFR § 1.301-1(c) (payments from a corporation to a shareholder are not paid "with respect to" stock unless the amount is paid to the shareholder in his capacity as a shareholder); *De Los Santos v. Comm'r*, 156 T.C. 120, 127 (2021) (payments from a corporation to a shareholder incidental to his or her status as a shareholder are not payments "with respect to stock").

    b.    <u>The Tax Court failed to consider relevant Treasury Regulations prohibiting the allocation of foreign taxes to foreign income that is not taxed under foreign law.</u>

Treasury Regulations promulgated under Section 245A(d) provide extensive formulae on how to allocate foreign taxes to a dividend.  *See* 26 CFR § 1.245A(d)-1(a).  Importantly, those regulations

7

expressly state that no such foreign taxes can be allocated to income that is not taxable under foreign law.[2]

Treasury Regulation Section 1.245A(d)-1 provides detailed rules for disallowing foreign tax credits for foreign taxes "attributable to"[3] dividends for which a Section 245A deduction is claimed. That Regulation incorporates the foreign tax allocation rules set forth in Treasury Regulation Section 1.861-20. *See* 26 CFR § 1.245A(d)-1 (b)(1) ("Foreign income taxes are attributable to section 245A(d) income to the extent that the foreign income taxes are allocated and apportioned under § 1.861–20 to the section 245A(d) income group."). Treasury Regulation Section 1.860-20, captioned "Allocation and apportionment of foreign income taxes," provides a clear rule prohibiting the attribution of foreign taxes to income that is not taxed in the foreign jurisdiction:

> If foreign law, including by reason of an income tax convention, exempts certain types of income from tax, or if foreign taxable income is reduced to or below zero by foreign law deductions, *then no foreign income tax is allocated and apportioned to that income*.

26 CFR § 1.860-20(f) (emphasis added).

Section 78 dividends are not taxed at all under foreign law. Accordingly, the regulation confirms KYOCERA AVX's position that "no income tax is allocated and apportioned" to those dividends, and no "taxes are paid or accrued . . .with respect to" those dividends. The Government's own regulation has interpreted Section 245A(d)(1) to mean that foreign taxes are allocated to only those amounts that have been subject to foreign tax. Therefore, the Government's interpretation of the

---

[2] The Treasury Regulation implementing Section 245A only applies to tax years beginning after December 31, 2019. *See* 26 CFR § 1.245A(d)-1(e). Regardless of its effective date, the regulation validates KYOCERA AVX's interpretation of Section 245A as not applicable to Section 78 dividends and demonstrates how the Government has interpreted Section 245A(d)(1) outside the context of litigation.

[3] Although Section 245A(d)(1) uses the phrase, "with respect to," the applicable regulations use the phrase "attributable to."

law in that regard contradicts the position that the Government takes here—that it can allocate some foreign taxes to Section 78 dividends that were not subject to foreign tax. But the Government neither acknowledges this apparent contradiction nor explains how the Court should resolve it. The Government's alternative argument, which proposes a new formula and is contrary to its own regulation, appears to be a "convenient litigating position" and, accordingly, merits no weight. *See Kisor v. Wilkie*, 588 U.S. 558, 579 (2019) (an agency's new interpretation of its own rules constitutes unfair surprise to regulated parties and is not entitled to weight); *see also, Morton v. Ruiz*, 415 U.S. 199, 237 (1974) (agency interpretation not entitled to weight because of its "inconsistent" interpretation of the statute); *Rosales-Garcia v. Holland*, 322 F.3d 386, 403 n.22 (6th Cir. 2003) (no respect due because "government's position has been inconsistent and is therefore unpersuasive").[4]

The Government cannot outsource its responsibility for interpreting the law to trial counsel. *See Investment Co. Inst. v. Camp*, 401 U.S. 617, 628 (1971) ("Congress has delegated to the administrative official and not to [trial] counsel the responsibility for elaborating and enforcing statutory commands."); *see also, Voge v. United States*, 844 F.2d 776, 779 (Fed. Cir. 1988) ("It has long been established that government officials must follow their own regulations, even if they were not compelled to have them at all . . . .").

---

[4] In *Varian* the Tax Court adopted a formula proposed by the Government to calculate the amount of the proposed disallowance under Section 245A(d)(1). *See Varian* at *49-50. However, that formula is an afterthought crafted purely for purposes of litigation. The Treasury Department, as an administrative agency, must follow a comprehensive and iterative process in promulgating Treasury Regulations. *See* 5 U.S.C. § 553. Pursuant to this process, Treasury must publish a notice of proposed rulemaking, allow public comment on the proposal, consider and respond to public comments, make necessary changes, and finally issue a final regulation along with a "statement of basis and purpose." *See* 5 U.S.C. § 553(b) & (c). For its Section 245A regulations, Treasury issued a notice of proposed rulemaking (85 Fed. Reg. 72078) (Nov. 12, 2020), held a public hearing (86 Fed. Reg. 13250) (Mar. 8, 2021), and issued the final rule (87 Fed. Reg. 276) (Jan. 1, 2022). At no point during that process did Treasury or the IRS raise or otherwise consider the Government's proposed formula.

Section 245A(d)(1) was intended to disallow foreign tax credits for withholding taxes incurred with respect to a dividend. *See* ECF No. 82, pp. 13-15. The example provided in KYOCERA AVX's Response involved a foreign corporation that distributed a dividend of $100, where the foreign country imposed withholding tax of $20. There, Congress enacted Section 245A(d) to ensure that the U.S. shareholder did not claim a dividend-received deduction for the $100 dividend and at the same time claim a $20 foreign tax credit against U.S. tax on other income. The regulations promulgated under Section 245A implement this provision and provide detailed rules for allocating foreign withholding taxes to dividend income where a Section 245A dividend-received deduction is allowed. *See* 26 CFR § 1.245(d)-1(a).

The regulations contain examples which illustrate how Section 245A(d)(1) is intended to work, all of which involve withholding tax. Example 1 involves foreign withholding tax on a $1,000 dividend. Example 2 involves foreign withholding tax on a stock dividend. Example 3 involves foreign withholding tax imposed on consent dividends. Example 4 involves foreign withholding tax on a dividend that was partially a "return of capital" under U.S. tax law. And Example 5 involves a dividend paid by a "reverse hybrid." *See* 26 CFR §1.245A(d)-1(d). None of these examples involve Section 78 dividends because such dividends are not subject to foreign tax. *See Khan v. U.S.*, 548 F.3d 549, 557 (7th Cir. 2008) (rejecting petitioner's argument that Section 7206(d)(1) applied to third parties in part because none of the examples in the applicable regulation applied to third parties). And these extensive regulations make no mention of disallowing foreign tax credits in connection with a Section 78 dividend—other than to say that there would be no disallowance because "no foreign income tax is allocated and apportioned to that income." *See* 26 CFR § 1.861-20(f).

Accordingly, *Varian* is incorrect regarding the application of Section 245A(d)(1). That section does not require KYOCERA AVX to reduce its foreign tax credits by the amount of foreign taxes paid "with respect to" to its Section 78 dividends because no such taxes were paid.

## CONCLUSION

For the reasons set forth herein, and in its previous filings, KYOCERA AVX respectfully requests that its Motion for Partial Summary Judgment be granted, and that the Government's Motion for Summary Judgment be denied.

Dated: September 6, 2024,          Respectfully submitted,

/s/D. Gregory Placone
Calvin T. Vick, Jr., Fed. Bar No. 9502
D. Gregory Placone, Fed. Bar No. 11977
HUDSON LAMBERT PARROTT, LLC
201 W. McBee Avenue, Suite 450
Greenville, South Carolina 29601
PH:   (864) 235-5535
FAX:  (864) 235-6866
tvick@hlpwlaw.com
gplacone@hlpwlaw.com

George B. Abney
*Admitted Pro Hac Vice*
GA Bar No. 121676; FL Bar No. 171557
Alston & Bird, LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
Direct:   404-881-7980
Fax:      404-253-8380
E-MAIL: george.abney@alston.com

*Attorneys for Plaintiff, KYOCERA AVX Components Corporation*